UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL SWOPE, ) | |
| PLAINTIFF ) | CIVIL ACTION NO.: |
| ) | 4:12-cv-832 |
| VS. ) | |
| ) | |
| CREDIT MANAGEMENT, LP ) | JURY TRIAL DEMAND |
| DEFENDANT ) | |

## COMPLAINT-CLASS ACTION

### INTRODUCTION

1. Plaintiff Cheryl Swope brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Enhanced Recovery Corporation.

2. The TCPA restricts the use of automated equipment to dial cellular telephones.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendant's collection communications were received by plaintiff within this District;

   b. Defendant transacts business within this District.

### PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Cheryl Swope is a natural person and a citizen of the State of Missouri who resides in the County of Ste. Genevieve, State of Missouri. Plaintiff's cellular telephone number is (314) xxx-1106.

6. Defendant Credit Management, LP. (hereinafter referred to as "CMLP") is believed to be a New York corporation operating from an address located at 4200 International Parkway, Carrollton, TX 75007-1912 and doing business in the State of Missouri. Upon information and belief, CMLP has no registered agent in the State of Missouri. CMLP's authorized agent for service of process is CT Corporation, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201.

7. Defendant is subject to the jurisdiction and venue of this Court.

8. Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the state of Missouri

**FACTS**

9. Defendant has been attempting to collect from someone named Kevin Coper an alleged debt.

10. During the period of time spanning from November 1, 2010 through April 1, 2011, defendant called (314) xxx-1106more than five times and left automated telephone messages on . The messages were substantially as follows:

> **"this call is for Kevin Coper. If you are not Kevin Coper, you will have a few moments to disconnect."**

11. Plaintiff's phone service was provided by TracFone, and she incurred a charge for each call and minute expended as a result of these calls. Each time she heard this message, she disconnected in order to avoid incurring further minutes.

12. information and belief, the calls were placed using predictive dialers. The predictive dialers place calls as part of dialing campaigns. A calling campaign is where the predictive dialer is set to dial a list of phone numbers. When a connection with a live person is

made, the dialers attempt to connect the recipient with a debt collector. If voice mail picks up, the predictive dialer can be programmed to leave a recorded message, or hang up.

13. Plaintiff did not authorize the automated placement of calls to her cell phone.

14. Plaintiff did not furnish her cell phone number to defendant.

15. Plaintiff and each class member is entitled to statutory damages.

16. Defendant violated the TCPA even if their actions were only negligent. Plaintiff alleges alternatively that defendant's actions were willful or knowing.

17. Defendant should be enjoined from committing similar violations in the future.

18. Defendant used an Aspect predictive dialer to call plaintiff and the class. See www.aspect.com/Pages/Products/Outbound-Dialer.aspx.

19. Plaintiff and the class have been substantially damaged by the illegal phone calls. Plaintiff was charged for each call, her privacy was improperly invaded and she was inconvenienced and forced to deal with unwanted telephone calls.

## COUNT I – TCPA

20. Plaintiff incorporates paragraphs 1-19.

21. The TCPA, 47 U.S.C. §227, provides:

> § 227(b) Restrictions on use of automated telephone equipment.
> (1) Prohibitions. It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States–
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice–
>
> 1. to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service,

3

> or other radio common carrier service, or any service for which the called party is charged for the call; . . .

22. The TCPA, 47 U.S.C. §227(b)(3), further provides a private right of action:

> Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State–
>
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
>
> If the Court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under the subparagraph (B) of this paragraph.

23. Defendant violated the TCPA by placing automated calls to plaintiff's cell phone.

## CLASS ALLEGATIONS

24. Plaintiff brings this claim on behalf of a class, consisting of (a) all persons with numbers in the area codes 314, 636, 573, 417, 816, and 660 or (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) defendant called using automatic telephone dialing equipment and/or an artificial or prerecorded voice (d) where defendant's records do not show that the called party provided the number to the defendant or the original creditor with respect to the alleged debt being collected (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call, or defendant was calling a wrong number).

25.  The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class.

26.  There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The predominant common questions include:

    a.  Whether defendant engaged in a pattern of using automated equipment to place calls to cellular telephones; and

    b.  Damages, including whether the violations were negligent, willful or knowing.

27.  Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

28.  A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

29.  Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

    A.  Statutory damages;

B. An injunction against further violations;

C. A declaration that defendant's equipment and messages are regulated by the TCPA;

D. Costs of suit;

E. Reasonable attorney's fees as part of a common fund, if any;

F. Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Cheryl Swope
**Cheryl Swope**

**HEALEY LAW, LLC**

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Telephone:   (636) 536-5175
Fax:             (636) 590-2882
Email:          bob@healeylawllc.com

and

**BURKE LAW OFFICES, LLC**

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone:   (312) 729-5288
Fax:             (312) 729-5289
Email:          aburke@burkelawllc.com
Co-Counsel for Plaintiffs

6