UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHERYL SWOPE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:12CV832 CDP |
| ) | |
| CREDIT MANAGEMENT, LP, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Plaintiff Cheryl Swope filed this action against defendant Credit Management, LP under the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227 *et seq*. Plaintiff Jenny Brown joined the case and added a claim in the second amended complaint, filed on November 21, 2012. Jenny Brown now seeks to sever and transfer her claims to the Central District of California, where a related class action case against defendant Credit Management and DirecTV is pending. *Brown v. DirecTV, LLC, et al.*, No. 2:12-CV-8382-DMG (C.D. Cal.). [1]

Jenny Brown alleges that the calls she received from Credit Management were made on behalf of DirecTV, and so she seeks to transfer her claim to the Central District of California to seek consolidation with that pending action. She argues that transfer is

---

[1] Plaintiff twice asks for transfer to the Southern District of California in her motion, rather than the Central District of California. Having verified that the related case is, in fact, pending in the Central District of California, I will treat Jenny Brown's motion as a request to transfer her claim to the Central District of California.

proper under 28 U.S.C. § 1404(a)[2] for the convenience of the parties and witnesses and in the interest of justice, and that this action could have originally been brought in the Central District of California pursuant to 28 U.S.C. § 1391(b)(2).

I agree with plaintiffs that the convenience of the parties and witnesses, as well as the interest of justice, would be served by transferring this case to the Central District of California. I disagree, however, that this action could have originally been brought in that district. The only basis for Brown's argument is that DirecTV's corporate headquarters are located in that district, but because DirecTV is not a party in this case and because Brown does not raise any facts supporting a finding that a substantial part of the events giving rise to this claim occurred in the Central District of California, I conclude that this action could not have been brought in that district.

However, the statute also allows transfer "to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Defendant states that it does not object to the transfer of Jenny Brown's claim and the claims of the class, which would leave only Cheryl Swope's claim before this court. Therefore, because all of the parties to this action have consented to transfer, and because I find that transfer is in the interest of justice and convenient for the parties and witnesses, I will transfer the claims of Jenny Brown, individually and as a representative of the proposed class, to the Central District

---

[2] This statute reads as follows: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

of California.  Although I will transfer these claims, it will be up to the California court to determine whether any requested consolidation is appropriate.

Because the plaintiffs argue that they will transfer the class allegations along with Jenny Brown's claim, only plaintiff Swope's claim remains before this court.  Therefore, I will deny the pending motion for class certification – which was previously stayed – without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to sever and transfer the claims of Jenny Brown to the Central District of California [#69] is granted, and the claims of Jenny Brown, individually and as a representative of the class, as set forth in the Second Amended Complaint, are transferred to the Central District of California, Western Division.  Only the individual claims of plaintiff Cheryl Swope remain pending in this court.

**IT IS FURTHER ORDERED** that plaintiff's motion to certify a class [#3] is denied without prejudice.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 19th day of February, 2013.