1  BURKE LAW OFFICES, LLC
2  Alexander H. Burke (admitted *pro hac vice*)
   ABurke@BurkeLawLLC.com
   155 N. Michigan Ave. Suite 9020
3  Chicago, IL 60601
   Telephone: (312)729-5288
4  Facsimile:  (312) 729-5289

5  LIEFF CABRASER HEIMANN
     & BERNSTEIN, LLP
6  Jonathan D. Selbin (State Bar No. 170222)
   jselbin@lchb.com
7  Douglas I. Cuthbertson (admitted *pro hac*
   *vice*)
8  dcuthbertson@lchb.com
   250 Hudson Street, 8th Floor
9  New York, NY 10013
   Telephone:  (212) 355-9500
10 Facsimile:  (212) 355-9592

11 LIEFF CABRASER HEIMANN
     & BERNSTEIN, LLP
12 Daniel M. Hutchinson (State Bar No.
   239458)
13 dhutchinson@lchb.com
   275 Battery Street, 29th Floor
14 San Francisco, CA 94111-3339
   Telephone:  (415) 956-1000
15 Facsimile:  (415) 956-1008

16 Attorneys for Plaintiff *Jenny Brown and the
   Proposed Classes*

17 [*Additional Counsel Appear on Signature
   Page*]
18

MEYER WILSON CO., LPA
Matthew R. Wilson (SBN No.
290473)
mwilson@meyerwilson.com
Daniel R. Freytag (*pro hac vice*
application pending)
dfreytag@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone:  (614) 224-6000
Facsimile:  (614) 224-6066

PARISI & HAVENS LLP
David C. Parisi (162248)
dcparisi@parisihavens.com
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone:  (818) 990-1299
Facsimile:  (818) 501-7852

19            **UNITED STATES DISTRICT COURT**
20            **CENTRAL DISTRICT OF CALIFORNIA**
                **WESTERN DIVISION**
21

22 JENNY BROWN, on behalf of
   herself and all others similarly
23 situated,

24            Plaintiff,

25 v.

26 DIRECTV, LLC, THE CMI
   GROUP, INC., THE CMI GROUP
27 GP, LLC, and CREDIT
   MANAGEMENT, LP,

28            Defendants.

Case No.  2:13-cv-01170-DMG-E

**FOURTH AMENDED COMPLAINT
FOR DAMAGES AND INJUNCTIVE
RELIEF PURSUANT TO 47 U.S.C.
§ 227, ET SEQ. (TELEPHONE
CONSUMER PROTECTION ACT)**

CLASS ACTION

JURY TRIAL DEMANDED

1130715.2

Plaintiff Jenny Brown, individually and on behalf of all others similarly situated, makes the following allegations and claims against Defendants DIRECTV, LLC, The CMI Group, Inc., The CMI Group GP, LLC, and Credit Management, LP (collectively, "Defendants"), upon her personal knowledge, the investigation of her counsel, and information and belief as follows:

## **INTRODUCTION**

1.     Plaintiff brings this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Federal Communication Commission rules promulgated thereunder,47 C.F.R. §64.1200 ("Rules"), by Defendants and their present, former, and/or future direct and indirect predecessors, parent companies, subsidiaries, affiliates, agents, and/or related entities.  Defendants have violated the TCPA and Rules by making telephone calls to Plaintiff and others similarly situated on their cellular telephones with the use of "an artificial or prerecorded voice" (collectively, "Voice") as described in 47 U.S.C. § 227(b)(1)(A) and/or  an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1), without their prior express consent within the meaning of the TCPA and the Rules.

2.     On December 12, 2005, the United States Department of Justice, acting on behalf of the Federal Trade Commission ("FTC" or "Commission"), filed a complaint for civil penalties and injunctive relief against Defendant DIRECTV, LLC ("DIRECTV") and telemarketing companies it hired to promote DIRECTV programming for violating the TCPA, the FTC Act, and the Do Not Call provisions of the Commission's Telemarketing Sales Rule.  *See* Complaint, *United States v. DirecTV, Inc., et al.*, No. 05-1211 (C.D. Cal. Dec. 12, 2005).  According to the Complaint, DIRECTV engaged several telemarketing firms and individuals that, "acting on behalf of DIRECTV," engaged in telemarketing conduct that violated

1   the TCPA.  The Complaint states that DIRECTV either knew or consciously
2   avoided knowing the methods by which their telemarketers were promoting
3   DIRECTV's programming.

4        3.     Two days later, on December 14, 2005, DIRECTV and its
5   telemarketers settled the FTC charges against them for $5,335,000, which was, at
6   that time, the largest penalty announced by the FTC for violation of a consumer
7   protection law.  DIRECTV also entered into a permanent injunction requiring it,
8   among other things, to monitor all telemarketing campaigns conducted by its
9   authorized telemarketers to confirm that "[n]ot more than three percent (3%) of
10  telemarketing calls answered by a person, measured per day per calling campaign,
11  are being connected to a pre-recorded message in lieu of a live sales call."

12       4.     Notwithstanding these prior violations of the TCPA and the FTC
13  settlement, Defendants have violated the TCPA and the Rules by making calls to
14  Plaintiff and others similarly situated on their cellular telephones with the use of a
15  Voice and/or an ATDS without their prior express consent within the meaning of
16  the TCPA.

17       5.     Plaintiff brings this action for damages, and other legal and equitable
18  remedies, resulting from Defendants' conduct in violation of the TCPA and the
19  Rules.

20  **JURISDICTION AND VENUE**

21       6.     Pursuant to 28 U.S.C. § 1331, this Court has original subject matter
22  jurisdiction over the claims set forth herein arising under the TCPA and the Rules.

23       7.     In addition, this matter in controversy exceeds $5,000,000, as each
24  member of the proposed Class of at least tens of thousands is entitled to up to
25  $1,500.00 in statutory damages for each call that violated the TCPA and the Rules.
26  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).
27  Further, Plaintiff alleges a national Class, which will result in at least one Class
28  member belonging to a different state.  Therefore, both elements of diversity

jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

8.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1391(b), (c) and (d), because Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced. DIRECTV resides in and has its principal place of business in the Central District of California.  In addition, Defendants The CMI Group, Inc., The CMI Group GP, LLC, and Credit Management, LP have sufficient contacts with the Central District of California to subject them to personal jurisdiction. Furthermore, this case was transferred from the Eastern District of Missouri with the consent of Plaintiff and Credit Management, LP, pursuant to 28 U.S.C. §1404.

<strong><u>PARTIES</u></strong>

9.     At all times pertinent hereto, Plaintiff Jenny Brown resided in the St. Louis, Missouri area.

10.     DIRECTV is a leading provider of digital television entertainment throughout the United States, acquiring, promoting, selling, and distributing digital entertainment programming primarily via satellite to millions of residential and commercial subscribers.

11.     At all times pertinent hereto prior to December 22, 2011, DIRECTV, Inc. was a corporation organized and existing under the laws of the State of California.

12.     Since July 2002, DIRECTV has been, and remains, a limited liability company organized and existing under the laws of the State of California and having its principal place of business at 2230 E. Imperial Highway, El Segundo, California 90245.

13.     Effective December 22, 2011, DIRECTV, Inc. merged into DIRECTV, with the latter becoming the surviving limited liability company; and by virtue of

1   this merger, DIRECTV assumed, and succeeded to, all of the liabilities of

2   DIRECTV, Inc., including liability for the TCPA claims alleged herein.

3       14.     The CMI Group, Inc. is a leading debt collector, employing over 500

4   call center agents who seek to collect debts via telephone calls made throughout the

5   United States with the use of a Voice and an ATDS.  The CMI Group, Inc. operates

6   under the trade name "The CMI Group" and uses the logo "CMI."

7       15.     Since January 1999, The CMI Group, Inc. has been, and remains, a

8   corporation organized and existing under the laws of the State of Nevada and

9   having its principal place of business at 4200 International Parkway, Carrollton,

10  Texas 75007.

11      16.     Since December 2001, The CMI Group GP, LLC has been, and

12  remains, a limited liability company organized and existing under the laws of the

13  State of Nevada and having its principal place of business at 4200 International

14  Parkway, Carrollton, Texas 75007.

15      17.     Since December 2001, Credit Management, LP, has been, and

16  remains, a limited liability partnership organized and existing under the laws of the

17  State of Nevada and having its principal place of business at 4200 International

18  Parkway, Carrollton, Texas 75007.

19      18.     The general partner of Credit Management, LP is The CMI Group GP,

20  LLC, and the limited partner of Credit Management, LP is non-party The CMI

21  Group Limited Partner, LLC.  The CMI Group, Inc. wholly owns The CMI Group

22  GP, LLC and The CMI Group Limited Partner, LLC.

23      19.     As the general partner of Credit Management, LP, The CMI Group

24  GP, LLC is jointly and severally liable for all of the liabilities of Credit

25  Management, LP, including liability for the TCPA claims alleged herein.

26      20.     At all times pertinent hereto, Credit Management, LP has acted within

27  the course and scope of an agency relationship with The CMI Group, Inc., seeking

28  to collect debts on behalf of The CMI Group, Inc.'s creditor clients (including

DIRECTV), as directed by The CMI Group, Inc., via telephone calls made throughout the United States with the use of a Voice and an ATDS. Accordingly, The CMI Group, Inc. is jointly and severally liable for all of the liabilities of Credit Management, LP, including liability for the TCPA claims alleged herein.

21.     The CMI Group, Inc. and Credit Management, LP hold themselves out to the public as a single economic enterprise, and they function as a single economic enterprise dominated by The CMI Group, Inc. Accordingly, The CMI Group, Inc. is jointly and severally liable for all of the liabilities of Credit Management, LP, including liability for the TCPA claims alleged herein.

22.     An example of this single economic enterprise is that The CMI Group, Inc.'s logo "CMI" appears on some letterhead used by Credit Management, LP to write debtors seeking payment on alleged debts. And the debtors from whom Credit Management, LP seeks to collect are assigned an individual "CMI Reference #."

23.     In addition, The CMI Group, Inc.'s public website (http://thecmigroup.com) states, "If you have a dispute or concern about your account that is placed with Credit Management, LP please contact our office." Furthermore, that website also states, "Are you a current customer looking to pay your bill online?" and then displays a "Customer Bill Pay Online" link to "Credit Management, LP's pay online public website (http://wwwcmipayonline.com).

24.     Aside from being identified as Credit Management's Pay Online website copyrighted by "Credit Management, LP," Credit Management, LP's pay online public website (http://wwwcmipayonline.com) also identifies the website as "CMI's Pay Online"; displays The CMI Group, Inc.'s logo (*i.e.*, "CMI") and trade name (*i.e.*, "the CMI Group"); and instructs debtors to mail or fax account disputes and balance inquiries to "CMI, Attn: Resolutions Department, 4200 International Parkway, Carrollton, TX 75007."

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991
## (TCPA), 47 U.S.C. § 227

25.    In 1991, Congress enacted the TCPA[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

26.    The TCPA regulates, among other things, the use of Voice and ATDS. Specifically, the plain language of section 227(b)(1)(A) prohibits the use of an ATDS to make any call to a wireless number, or to use a Voice during such a call, in the absence of an emergency or the prior express consent of the called party.[2]

27.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, telephone calls using a Voice or an ATDS are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

28.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that Voice and ATDS debt collection calls to a wireless number by a creditor or a debt collector are permitted only if the calls are made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

FOURTH AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO.  2:13-CV-01170-DMG-E

29.    The Declaratory Ruling further dictates that: "a creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call."[6]

30.    Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff and Class Members (as defined below) gave their prior express consent to a Voice or an ATDS call to their cell phone within the meaning of the statute.[7]

## **FACTUAL ALLEGATIONS**

31.    At all times pertinent hereto, DIRECTV has carried on its business by engaging third-party debt collectors, including but not limited to Credit Management, LP (collectively, "DIRECTV Debt Collectors") who, acting on behalf of DIRECTV, have made telephone calls to the cellular telephones of consumers for purposes of collecting debts allegedly owed by them to DIRECTV. DIRECTV has controlled or had the right to control the DIRECTV Debt Collectors, including through written contracts that require DIRECTV Debt Collectors to collect debt on behalf of DIRECTV and by supplying the DIRECTV Debt Collectors with the names and/or telephone numbers of consumers to be called. DIRECTV has directly benefitted from such calls because, among other reasons, DIRECTV Debt Collectors request that consumers pay such debts directly to DIRECTV and DIRECTV has received payments pursuant to such requests.

32.    At all times pertinent hereto, The CMI Group, Inc. and Credit Management, L.P. have carried on their joint debt collection business, by having Credit Management, LP make telephone calls to the cellular telephones of

---

[6] *Id.*

[7] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

consumers for purposes of collecting debts allegedly owed by them to DIRECTV and other creditors.

**I.     First Challenged Practice: DIRECTV Debt Collectors' Calls To Cellular Telephones Using A Voice And/Or An ATDS**

33.     At all times pertinent hereto, the DIRECTV Debt Collectors, including Credit Management, LP, have utilized a Voice during debt collection calls made on behalf of DIRECTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DIRECTV express consent to receive such calls.

34.     Calls utilizing a Voice allow DIRECTV to collect more debt.

35.     At all times pertinent hereto, DIRECTV has been aware that its DIRECTV Debt Collectors have utilized a Voice during debt collection calls made on behalf of DIRECTV.  For example, prior to March 26, 2012, The CMI Group, Inc.'s public website (http://thecmigroup.com) stated that one of The CMI Group's "industry innovations" was "'agentless' recorded messages as reminders."

36.     At all times pertinent hereto, DIRECTV Debt Collectors, including Credit Management, LP, have also utilized a Voice, including a predictive dialer, to make debt collection calls on behalf of Defendant DIRECTV to the cellular telephones of consumers who had not, during the transaction that resulted in the debt, previously given DIRECTV express consent to receive such calls.

37.     A  predictive dialer is an ATDS within the meaning of the TCPA, because it is equipment that, when paired with certain computer software, has the capacity to store or produce telephone numbers to be called and without human intervention to dial such numbers at random, in sequential order, and/or from a database of numbers.

38.     DIRECTV has entered into written contracts with its DIRECTV Debt Collectors to use predictive dialers.  For example, the terms of the Collection Services Agreement utilized by Credit Management, LP require that consumers be

FOURTH AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO.  2:13-CV-01170-DMG-E

1  contacted "via mail and predictive dialer in an effort to collect on past due

2  balances." *See Lee v. Credit Mgmt., LP*, 2012 WL 113793, at *11 & n. 17 (S.D.

3  Tex. 2012).

4       39.    Calls utilizing an ATDS allow DIRECTV to collect more debt.

5       40.    At all times pertinent hereto, DIRECTV has been aware that its

6  DIRECTV Debt Collectors have utilized an ATDS because, *inter alia*, the use of an

7  ATDS is standard industry practice among third-party debt collectors and because

8  The CMI Group, Inc. detailed The CMI Group's debt collection techniques on its

9  public website.  For example, prior to March 26, 2012, The CMI Group, Inc.'s

10  public website (http://thecmigroup.com) stated (A) that The CMI Group's

11  "predictive dialer enables us to reach more of our client's customers while

12  maintaining a cost-effective approach" and (B) that The CMI Group's "dialer ***

13  completes call campaigns more quickly *** conducts the most effective calling

14  strategies *** ."

15       41.    On information and belief, within the past four years, DIRECTV Debt

16  Collectors have made thousands of Voice and/or ATDS calls on behalf of

17  DIRECTV to the cellular telephones of consumers who had not, during the

18  transaction that resulted in the debt, previously given DIRECTV prior express

19  consent to receive such calls.

20  **II.**    **Second Challenged Practice: Credit Management, LP Making Calls To Cellular Telephones Using A Voice And/Or An ATDS**

21

22       42.    At all times pertinent hereto, Credit Management, LP, has utilized a

23  Voice during debt collection calls made on behalf of DIRECTV to the cellular

24  telephones of consumers who had not, during the transaction that resulted in the

25  debt, previously given DIRECTV consent to receive such calls.

26       43.    At all times pertinent hereto, Credit Management, LP, has also utilized

27  an ATDS, including a predictive dialer, to make debt collection calls on behalf of

28  DIRECTV to the cellular telephones of consumers who had not, during the

1   transaction that resulted in the debt, previously given DIRECTV express consent to
2   receive such calls.

3       44.    On information and belief, within the past four years, Credit
4   Management, LP has made thousands of Voice and/or ATDS calls on behalf of
5   DIRECTV to the cellular telephones of consumers who had not, during the
6   transaction that resulted in the debt, previously given DIRECTV prior express
7   consent to receive such calls.

8   **III.    Plaintiff Jenny Brown**

9       45.    Plaintiff Jenny Brown is a "person" as defined by 47 U.S.C.
10  § 153(39).

11      46.    In 2011, Plaintiff Brown began receiving automated telephone calls
12  from CMI on her cellular telephone.

13      47.    For example, Plaintiff Brown's records show that she received calls
14  from Credit Management, LP on at least the following dates:

15              a.    July 13, 2011;
16              b.    July 15, 2011;
17              c.    July 19, 2011 (two calls);
18              d.    July 21, 2011;
19              e.    September 28, 2011.

20      48.    Defendants made other calls, too, of which Plaintiff Brown was unable
21  to make a record.

22      49.    Plaintiff Brown has no relationship with defendant Credit
23  Management, LP.

24      50.    Plaintiff Brown has no relationship with defendant DIRECTV. There
25  exists no contract between Plaintiff Brown and DIRECTV, for arbitration or
26  otherwise.

27      51.    Credit Management, LP, acting on behalf of DIRECTV, utilized a
28  predictive dialer to make all of the calls described above.

- 10 -

52.     Credit Management, LP, acting on behalf of DIRECTV, utilized a Voice during at least some of the calls described above.

53.     All of the calls described above were made by Credit Management, LP, on behalf of DIRECTV, to Plaintiff Brown's cellular telephone solely to collect a debt allegedly owed to DIRECTV.

## CLASS ACTION ALLEGATIONS

54.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated consisting of one class and one subclass (respectively, the "Class" and the "Subclass").

55.     Plaintiff proposes the following class definition for the Class, subject to amendment as appropriate:

> All persons residing within the United States who, on or after four years prior to the filing of this action, received a non-emergency telephone call(s) from DIRECTV and/or its third-party debt collectors regarding a debt allegedly owed to DIRECTV, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice and who did not provide the cellular phone number called on any initial application for DIRECTV service.

Plaintiff represents, and is a member of, the Class.  Excluded from the Class are DIRECTV and any entities in which DIRECTV has a controlling interest, DIRECTV's agents and employees, any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families, claims related to telemarketing calls, and claims for personal injury, wrongful death and/or emotional distress.

56.     Plaintiff proposes the following class definition for the Subclass, subject to amendment as appropriate:

> All persons residing within the United States who, on or after four years prior to the filing of this action, received a non-emergency telephone call(s) from Credit Management, LP to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice.

- 11 -

Plaintiff represents, and is a member of, the Subclass.  Excluded from the Subclass are Credit Management, LP, The CMI Group, Inc., The CMI Group GP, LLC, The CMI Group Limited Partner, LLC, the agents and employees of the foregoing entities, any Judge and Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families, claims related to telemarketing calls, and claims for personal injury, wrongful death and/or emotional distress.

57.    Plaintiff does not know the exact number of members in the Class or the Subclass, but based upon the representations of Defendants regarding their sales and market share, number of employees, and/or territorial scope of operations, Plaintiff reasonably believes that Class and Subclass members number at minimum in the tens of thousands.

58.    The identity of the Class and Subclass members can be readily ascertained from the records of Defendants.

59.    Plaintiff and all members of the Class and the Subclass  have been harmed by the acts of Defendants in that many of them were charged additional money for the cell phone minutes taken up by Defendant's illegal calls, and all have had their privacy invaded and been inconvenienced by such calls.

60.    This Class Action Complaint seeks injunctive relief, declaratory relief, and damages.

61.    The joinder of all Class and Subclass members is impracticable due to the size of each class and the relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

62.    There are well-defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class and Subclass

1  members.  Those common questions of law and fact include, but are not limited to,

2  the following:

3        a.      Whether the non-emergency calls made to Plaintiff's, Class

4  members', and Subclass  members' cellular telephones used a Voice and/or an

5  ATDS;

6        b.      Whether such calls were made by or on behalf of Defendants;

7        c.      Whether the Defendants can meet their burden of showing they

8  obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated),

9  during the transaction that resulted in the debt owed, to make such calls;

10       d.      Whether the Defendants' conduct was knowing and/or willful;

11       e.      Whether the Defendants are liable for damages, and the amount

12 of such damages; and

13       f.      Whether the Defendants should be enjoined from engaging in

14 such conduct in the future.

15       63.     As a person who received numerous and repeated telephone calls using

16 an ATDS and/or a Voice, without his prior express consent within the meaning of

17 the TCPA, Plaintiff asserts claims that are typical of each Class and Subclass

18 member.  Plaintiff will fairly and adequately represent and protect the interests of

19 the Class and Subclass, and has no interests which are antagonistic to any member

20 of the Class or the Subclass.

21       64.     Plaintiff has retained counsel experienced in handling class action

22 claims involving violations of federal and state consumer protection statutes,

23 including class action claims under the TCPA.

24       65.     A class action is the superior method for the fair and efficient

25 adjudication of this controversy.  Classwide relief is essential to compel Defendants

26 to comply with the TCPA and the Rules.  The interest of Class and Subclass

27 members in individually controlling the prosecution of separate claims against

28 Defendants is small because the statutory damages in an individual action for

FOURTH AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO.  2:13-CV-01170-DMG-E

violation of the TCPA and the Rules are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class and Subclass members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

66.     Defendants have acted on grounds generally applicable to the Class and Subclass, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class and Subclass as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA and the Rules violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST COUNT

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*, AND THE FCC RULES PROMULGATED THEREUNDER, 47 C.F.R. §64.1200**

**(On Behalf of Plaintiff and All Class and Subclass Members Against All Defendants)**

67.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

68.     The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA and Rules, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

69.     As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. §64.1200, Plaintiff and members of the Class and Subclass are entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute and Rules, pursuant to 47 U.S.C. § 227(b)(3)(C).

FOURTH AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO.  2:13-CV-01170-DMG-E

70.     Plaintiff and all Class and Subclass members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA and Rules by Defendants in the future.

71.     Plaintiff and Class and Subclass members are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid through a "common fund," or similar theory.

## SECOND COUNT

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*., AND THE FCC RULES PROMULGATED THEREUNDER, 47 C.F.R. §64.1200

### (On Behalf of Plaintiff and All Class and Subclass Members Against All Defendants)

72.     Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

73.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA and Rules, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

74.     As a result of Defendants violations of 47 U.S.C. § 227 *et seq.* and 47 C.F.R. §64.1200 Plaintiff and Class and Subclass members are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute and Rules, pursuant to 47 U.S.C. § 227(b)(3)(B).

75.     Plaintiff and Class and Subclass members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA and Rules in the future.

76.     Plaintiff and Class and Subclass members are also entitled to an award of attorneys' fees and costs on an equitable basis to be paid out of a common fund, or similar theory.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff

and all Class and Subclass members the following relief against Defendants:

A.    Injunctive relief prohibiting such violations of the TCPA and the Rules by Defendants in the future;

B.    As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1) and 47 C.F.R. §64.1200, Plaintiff seeks for herself and each Class and Subclass member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA and Rules;

C.    As a result of Defendants' violations of 47 U.S.C. § 227(b)(1) and 47 C.F.R. §64.1200, Plaintiff seeks for herself and each Class and Subclass member $500.00 in statutory damages for each and every call that violated the TCPA and Rules;

D.    An award of reasonable attorneys' fees and costs to counsel for Plaintiff and the Class and Subclass on an equitable basis, for example, paid out of a "common fund";

E.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing the appropriate Class and Subclass, as the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclass, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class and Subclass; and

F.    Such other relief as the Court deems just and proper.

Dated:  September 30, 2013          Respectfully submitted,

By:  /s/ Alexander H. Burke
          Alexander H. Burke

BURKE LAW OFFICES,  LLC
Alexander H. Burke (admitted *pro hac vice*)
ABurke@BurkeLawLLC.com
155 N. Michigan Ave. Suite 9020
Chicago, IL 60601
Telephone: (312)729-5288
Facsimile:   (312) 729-5289

1                      LIEFF CABRASER, HEIMANN &
                            BERNSTEIN, LLP

2                      Jonathan D. Selbin (SBN 170222)
                            jselbin@lchb.com

3                      Douglas I. Cuthbertson (admitted *pro hac vice*)

4                      dcuthbertson@lchb.com
                            250 Hudson Street, 8th Floor

5                      New York, NY 10013
                            Telephone:  (212) 355-9500

6                      Facsimile:   (212) 355-9592

7                      LIEFF CABRASER, HEIMANN &
                            BERNSTEIN, LLP

8                      Daniel M. Hutchinson (SBN 239458)
                            dhutchinson@lchb.com

9                      275 Battery Street, 29th Floor
                            San Francisco, CA  94111-3339

10                   Telephone:  (415) 956-1000
                           Facsimile:   (415) 956-1008

11                   MEYER WILSON CO., LPA

12                  Matthew R. Wilson (SBN No. 290473)
                         mwilson@meyerwilson.com

13                   Daniel R. Freytag (*pro hac vice* application pending)

14                  dfreytag@meyerwilson.com
                         1320 Dublin Road, Ste. 100

15                   Columbus, OH 43215
                         Telephone:  (614) 224-6000

16                   Facsimile:   (614) 224-6066

17                   PARISI & HAVENS LLP
                          David C. Parisi (SBN 162248)

18                  dcparisi@parisihavens.com
                         15233 Valleyheart Drive

19                   Sherman Oaks, CA 91403
                         Telephone:  (818) 990-1299

20                   Facsimile:   (818) 501-7852

21                   HEALEY LAW, LLC
                          Robert T. Healey (admitted *pro hac vice*)

22                  bob@healeylawllc.com
                         640 Cepi Drive, Suite A

23                   Chesterfield, MO 63005
                         Telephone:  (636) 536-5175

24                   Facsimile:   (636) 590-2882

25                   *Attorneys for Plaintiff and the Proposed Class*

26

27

28

FOURTH AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO.  2:13-CV-01170-DMG-E

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  September 30, 2013

Respectfully submitted,

By:  /s/ Alexander H. Burke
Alexander H. Burke

BURKE LAW OFFICES,  LLC
Alexander H. Burke (admitted *pro hac vice*)
ABurke@BurkeLawLLC.com
155 N. Michigan Ave. Suite 9020
Chicago, IL 60601
Telephone: (312)729-5288
Facsimile:   (312) 729-5289

LIEFF CABRASER, HEIMANN &
BERNSTEIN, LLP
Jonathan D. Selbin (SBN 170222)
jselbin@lchb.com
Douglas I. Cuthbertson (admitted *pro hac vice*)
dcuthbertson@lchb.com
250 Hudson Street, 8th Floor
New York, NY 10013
Telephone:  (212) 355-9500
Facsimile:   (212) 355-9592

LIEFF CABRASER, HEIMANN &
BERNSTEIN, LLP
Daniel M. Hutchinson (SBN 239458)
dhutchinson@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:   (415) 956-1008

MEYER WILSON CO., LPA
Matthew R. Wilson (SBN No. 290473)
mwilson@meyerwilson.com
Daniel R. Freytag (*pro hac vice* application pending)
dfreytag@meyerwilson.com
1320 Dublin Road, Ste. 100
Columbus, OH 43215
Telephone:  (614) 224-6000
Facsimile:   (614) 224-6066

FOURTH AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF
CASE NO.  2:13-CV-01170-DMG-E

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PARISI & HAVENS LLP
David C. Parisi (SBN 162248)
dcparisi@parisihavens.com
15233 Valleyheart Drive
Sherman Oaks, CA 91403
Telephone:   (818) 990-1299
Facsimile:   (818) 501-7852

HEALEY LAW, LLC
Robert T. Healey (admitted *pro hac vice*)
bob@healeylawllc.com
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone:   (636) 536-5175
Facsimile:   (636) 590-2882

*Attorneys for Plaintiff and the Proposed Classes*

- 19 -