UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-01170 DMG (CFEx)** | Date | May 27, 2014 |
| Title | *Jenny Brown v. DIRECTV, LLC* | Page | 1 of 4 |

Present: The Honorable     DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE DEFENDANTS' MOTION TO STRIKE [Doc. # 124]**

On October 1, 2013, Plaintiff Jenny Brown filed a Fourth Amended putative class action Complaint ("FAC") alleging claims under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227, against Defendant DIRECTV, LLC ("DIRECTV").[1] [Doc. # 122.] On October 22, 2013, DIRECTV filed a motion to strike portions of Brown's FAC. [Doc. # 124.] For the reasons set forth below, DIRECTV's motion is **DENIED**.

I.
DISCUSSION[2]

A.     Standing

DIRECTV contends that Brown lacks Article III standing to seek injunctive relief on the grounds that Brown cannot demonstrate a credible risk of continuing injury and has an adequate remedy at law. (Mot. at 18-20 [Doc. # 125]; Reply at 3-5.) DIRECTV urges the Court to strike Brown's prayer for injunctive relief.

---

[1] The other named defendants have been dismissed.

[2] DIRECTV asks the Court to take judicial notice of an Order issued in *Steinfeld v. Discover Fin. Servs.*, Case No. CV-12-1118-JSW (N.D. Cal. Sept. 10, 2013) (Docket No. 59). [Doc. # 135.] Brown filed a notice of non-opposition to the request. [Doc. # 137.] Brown also requests that the Court take judicial notice of a court filing and an Order in *O'Brien v. Gen. Electric Capital Corp.*, Case No. CV-12-1909 JAH (MDD) (S.D. Cal.) (Docket Nos. 1, 18). [Doc. # 137.] DIRECTV has not opposed the request.

Under Federal Rule of Evidence 201, courts may take judicial notice of adjudicative facts that are not "subject to reasonable dispute." Fed. R. Evid. 201(a) & (b). The Ninth Circuit has held that courts may take judicial notice of court filings and other matters of public record as they are "readily verifiable and, therefore, the proper subject of judicial notice." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). Accordingly, the Court takes judicial notice of the above-mentioned documents.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-01170 DMG (CFEx)** | Date | May 27, 2014 |
| Title | *Jenny Brown v. DIRECTV, LLC* | Page | 2 of 4 |

Under Federal Rule of Civil Procedure 12(f), a district court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted). Motions to strike are "generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *N.Y. City Employees' Ret. Sys. v. Berry*, 667 F. Supp. 2d 1121, 1128 (N.D. Cal. 2009) (quoting *Neilson v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003)). "Such motions should only be granted if 'the matter has no logical connection to the controversy at issue *and* may prejudice one or more of the parties to the suit.'" *Id.* (quoting *Rivers v. County of Marin*, No. 05-4251, 2006 WL 581096, at *2 (N.D. Cal. Mar. 7, 2006)). "[C]ourts frequently deny motions to strike 'even though the offending matter literally [was] within one or more of the categories set forth in Rule 12(f)'" where the moving party cannot adequately demonstrate prejudice. *Id.* (quoting *Rivers*, 2006 WL 581096, at *2).

DIRECTV has not established that any of the circumstances for striking a pleading are relevant here. *See Ollier v. Sweetwater Union High Sch. Dist.*, 735 F. Supp. 2d 1222, 1223-24 (S.D. Cal. 2010) (defendants' "attempt to assert lack of standing . . . do[es] not fall within the purposes of a Rule 12(f) motion"). Moreover, DIRECTV has not demonstrated that it suffers *any* prejudice from continued inclusion of injunctive relief in Brown's prayer for relief. Accordingly, the Court **DENIES** DIRECTV's motion to strike with respect to Brown's prayer for injunctive relief.

B. **DIRECTV's Motion to Strike Class Allegations is Premature**

DIRECTV urges the Court to strike the class allegations in the FAC on the ground that the requirements of Federal Rule of Civil Procedure 23 are not satisfied in this suit. Specifically, DIRECTV argues that (1) Brown's proposed class is an inherently unascertainable "fail-safe" class, and (2) class treatment will not be superior. (Mot. at 1-17.) Brown responds that DIRECTV's motion is premature and the arguments about the viability of the class are incorrect. (Opp'n at 7-22.)

Generally, "[m]otions to strike class allegations are disfavored because a motion for class certification is a more appropriate vehicle . . . ." *Thorpe v. Abbott Labs., Inc.,* 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); *see also Cholakyan v. Mercedes–Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011); *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609, 615 (N.D. Cal.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-01170 DMG (CFEx)** | Date | May 27, 2014 |
| Title | ***Jenny Brown v. DIRECTV, LLC*** | Page | 3 of 4 |

2007). Indeed, courts rarely dismiss class allegations at the pleading stage because "the parties have not yet engaged in discovery and the shape of a class action is often driven by the facts of a particular case." *Iniguez v. The CBE Grp.*, 969 F. Supp. 2d 1241, 1248 (E.D. Cal. 2013), *reconsideration denied* (Dec. 5, 2013) (citing *In re Wal-Mart Stores*, 505 F. Supp. 2d at 615-16). District courts in this circuit regularly deny motions to strike class allegations as premature. *See, e.g.*, *Iniguez*, 969 F. Supp. 2d at 1248; *Blair v. CBE Grp., Inc.*, No. 13-134, 2013 WL 2029155, at *5 (S.D. Cal. May 13, 2013); *Hibbs-Rines v. Seagate Technologies, LLC*, No. 08-5430, 2009 WL 513496, at *3 (N.D. Cal. Mar. 2, 2009) (noting that plaintiff's class definition "may be insufficiently definite for the reasons cited in defendants' moving papers," but plaintiff "should at least be permitted to conduct some discovery before the Court rules on the propriety of the class allegations"); *In re Wal-Mart*, 505 F. Supp. 2d at 615-16 (declining to strike plaintiffs' class allegations despite noting that the allegations were "somewhat suspicious"); *Baas v. Dollar Tree Stores, Inc.*, No. 07-3108, 2007 WL 2462150, at *3 (N.D. Cal. Aug. 29, 2007).

Here, DIRECTV has not yet filed an answer to Brown's FAC, discovery regarding class certification has not begun, and Brown has not filed a class certification motion. At this early stage in the proceedings, the Court cannot say that this is the rare case in which the pleadings indicate that the class requirements cannot possibly be met.[3] *See In re Wal-Mart*, 505 F. Supp. 2d at 615-16. Indeed, DIRECTV appears to suggest that Brown may be able to amend her pleadings to remedy the problems it has identified. (*See* Reply at 10 ("[T]he fact that judges . . . eventually certify TCPA classes does nothing to support Plaintiff's position that her fail-safe class definition should not be stricken *at this time*" (emphasis added)).) While DIRECTV contends that class procedures are not superior for TCPA claims generally and "discovery nightmares would be horrendous" (Mot. at 11-17), courts in this circuit have certified classes in TCPA actions, demonstrating that TCPA claims may be amenable to class treatment. *See Blair*

---

[3] While DIRECTV cited one published and three unpublished district court cases in this circuit in which courts granted motions to strike class allegations (Mot. at 1, 5), these cases appear to be the exception to the general rule. Moreover, all but one of the district courts granted the motion to strike *without prejudice*, finding that defects in the pleading could be remedied. *See Sanders v. Apple, Inc.*, 672 F. Supp. 2d 978, 990-91 ("[I]t is not clear that a nationwide class action is the 'superior' method for adjudication of rights. Accordingly, the class allegations will be stricken, with leave to amend. The Court urges Plaintiffs to consider whether a more narrowly defined class might be appropriate."); *Stearns v. Select Comfort Retail Corp.*, No. 08-2746, 2009 WL 4723366, at *16 ("[I]t is not yet clear whether any of the named Plaintiffs can state a cognizable claim under any of their numerous legal theories. Accordingly the motion to strike will be granted, without prejudice to Plaintiffs seeking class certification based upon an amended pleading."); *Hovsepian v. Apple, Inc.*, No. 08-5788, 2009 WL 5069144, at *6 (N.D. Cal. Dec. 17, 2009). The last court granted the motion to strike with prejudice *where the plaintiff had not opposed the motion. Collins v. Gamestop Corp.*, No. 10-1210, 2010 WL 3077671, at *2 - *4 (Aug. 6, 2010). In any event, given that motions to strike are generally regarded with disfavor in this circuit, *Berry*, 667 F. Supp. 2d at 1128, the Court declines to follow these cases.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 13-01170 DMG (CFEx) | Date | May 27, 2014 |
| Title | *Jenny Brown v. DIRECTV, LLC* | Page | 4 of 4 |

*v. CBE Grp., Inc.*, No. 13-134, 2013 WL 2029155, at *5 (May 13, 2013) (collecting cases). Thus, the Court **DENIES** DIRECTV's motion as premature. DIRECTV may renew its arguments in response to Brown's motion for class certification.

## II.
## CONCLUSION

DIRECTV's motion to strike is **DENIED** in its entirety.

**IT IS SO ORDERED.**