UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-1170 DMG (Ex)** | Date | April 14, 2016 |
|---|---|---|---|

| Title | ***Jenny Brown v. DirecTV, LLC*** | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO APPOINT INTERIM LEAD CLASS COUNSEL [171] AND DEFENDANT'S MOTION TO CONTINUE STAY OF ACTION [209]**

**I.
PROCEDURAL BACKGROUND**

This case was initiated on May 9, 2012, when then-Plaintiff Cheryl Swope filed a complaint in this Court against Defendant Credit Management, LP [Doc. # 1] and a motion to certify the class of similarly situated people who had received allegedly unlawful calls from automated telephone dialing equipment [Doc. # 3].

On August 14, 2013, current Plaintiff Jenny Brown filed the operative Third Amended Complaint ("TAC"), on behalf of herself and the class of people similarly situated, against Defendants DirecTV, LLC, The CMI Group, Inc., The CMI Group GP, LLC, and Credit Management, LP. [Doc. # 111.] The TAC was filed by Burke Law Offices, LLC and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB"). (*Id.*)

On September 5, 2013, Plaintiff Tara Miller filed a class complaint in the Southern District of California against Defendant DirecTV, on behalf of herself and others similarly situated who had received allegedly unlawful calls from automated telephone dialing equipment. *Miller v. DirecTV, LLC*, 13-CV-2073 (S.D. Cal. September 5, 2013). The *Miller* complaint was filed by the Kazerouni Law Group, APC, Hyde & Swigart, and the Law Offices of Tom M. Friedman, P.C.. (*Id.*) On October 3, 2014, the *Miller* Action was transferred to this Court on the ground that it is related to the present action and it was given a new case number, CV 14-7579 DMG (Ex).

On October 31, 2014, Brown filed a motion for the Court to appoint LCHB as interim lead class counsel ("Class Counsel Motion"). [Doc. # 171.] On November 21, 2014, DirecTV filed a statement contending that it would be premature to appoint class counsel at this juncture.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 13-1170 DMG (Ex)** | Date | April 14, 2016 |
| Title | *Jenny Brown v. DirecTV, LLC* | Page | 2 of 3 |

[Doc. # 182.]  DirecTV does not object to the appointment of LCHB as interim lead class counsel if the Court does decide to appoint such counsel. (*Id.*)  On November 21, 2014, Miller filed an Interested Party Opposition to the appointment of LCHB as lead class counsel in this case ("Class Counsel Obj."). [Doc. # 187.]

On December 11, 2014, the Court stayed the case pending the resolution of relevant petitions pending before the Federal Communications Commission ("FCC") and held the Class Counsel Motion in Abeyance. [Doc. # 198.]  On August 7, 2015, the Court issued an order continuing the stay pending the completion of mediation by the parties and taking the Class Counsel Motion under submission. [Doc. # 203.]  On August 7, 2015, the Court also issued an order continuing the stay in the *Miller* Action pending a ruling by the D.C. Circuit on challenges to the relevant FCC decision in the interest of conserving judicial resources.  (*Miller* Action [Doc. # 45].)

On November 6, 2015, the parties filed a joint status report indicating that they had begun mediation and were scheduled to participate in another mediation session in December, 2015. [Doc. # 204.]  The parties stipulated that the stay be continued until after the scheduled December meeting.  (*Id.*)  On January 25, 2016, the parties filed an additional status report indicating that their efforts at mediation had not been successful. [Doc. # 205.]  In the second status report, DirecTV requested to stay the litigation pending a ruling from the D.C. Circuit on the FCC decision.  (*Id.*)  Brown requested that a stay not be issued absent an opportunity to submit arguments against staying the case. (*Id.*)

On February 12, 2016, Brown filed a notice of related case, noting that a class action entitled *Malik Brown v. DirecTV, LLC*., 16-CV-263 (C.D. Cal. February 10, 2016), had been filed in the Central District of California on February 10, 2016.  [Doc. # 208.]  The Malik complaint was filed by Bursor & Fisher, P.A.  (*Malik* Action [Doc. # 1].)  On February 23, 2016, the *Malik* Action was reassigned to this court as a related case.  (*Id.* [Doc. # 9].)  Brown contends that a ruling on the motion to appoint interim class counsel would aid the court in managing the coordination of these three related actions.

On February 29, 2016, DirecTV filed a motion to continue stay of the action pending the D.C. Circuit's ruling on the FCC decision.  [Doc. # 209.]  On March 21, 2016, Brown filed an opposition to the motion to stay pending the FCC decision ("Opp. Stay"). [Doc. # 211.]  Brown does not object to a stay pending further mediation. (*Id.*)  On April 4, 2016, DirecTV filed a reply.  [Doc. # 212.]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 13-1170 DMG (Ex)** | Date | April 14, 2016 |
|---|---|---|---|
| Title | *Jenny Brown v. DirecTV, LLC* | Page | 3 of 3 |

## II.
## DISCUSSION

**A.    Stay**

Brown contends that the D.C. Circuit is "highly unlikely" to overturn the FCC decision and rule in favor of DirecTV's position regarding the meaning of "called party" and "automated telephone dialing system." (Opp. Stay at 7, 9-11.) Whatever likelihood Brown ascribes to the possible outcomes of the appeals of the FCC Order, the D.C. Circuit's decision will be directly relevant to central issues common to all three related cases presently before the Court. In the absence of a crystal ball, this Court will not presume to know how the appellate court will rule in the future.

While this Court is not bound to by any decision of an out-of-circuit appellate court, the D.C. Circuit has particular expertise in administrative law, and it would be a waste of judicial resources for this Court to rule on the meaning of "called party" and "automated telephone dialing system" when these contentious issues—which affect numerous people—are on the brink of being resolved. The Court will continue the stay of this case pending the outcome of the D.C. Circuit's decision on the consolidated appeals of the relevant FCC Order. Such a stay will conserve judicial resources and promote consistent application of the law.

**B.    Interim Class Counsel**

The Court, in its discretion, may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action. Fed. R. Civ. P. 23(g)(3). In this case, three related TCPA class actions are currently before the court, and each has been filed by a different set of lawyers. This case and the *Miller* Action have been stayed pending the resolution of central shared legal issues, and neither discovery nor motion practice will take place until the stay is lifted. When these cases do move forward, the issues of potential consolidation and appointment of lead class counsel are likely to require full briefing by all affected parties. While the stay is in place, it is premature to appoint interim class counsel.

Plaintiff's motion for appointment of interim class counsel is **DENIED** without prejudice and Defendant's motion to continue the stay is **GRANTED**. The case is stayed pending a ruling from the D.C. Circuit on the relevant FCC decision. The parties shall file a joint status report within 10 days after a ruling from the D.C. Circuit.

**IT IS SO ORDERED.**

| CV-90 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk KT |
|---|---|---|