| | | | |
|---|---|---|---|
| Case No. | **CV 13-1170-DMG (Ex)** | Date | July 5, 2019 |
| Title | *Jenny Brown v. DIRECTV, LLC* | Page | 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT STAY THIS ACTION**

On April 12, 2019, Defendant DIRECTV, LLC filed a motion to compel arbitration. [Doc. # 276.] The motion was taken under submission after it was fully briefed. [Doc. ## 278, 279, 280.] On July 2, 2019, Plaintiff Jenny Brown filed a Notice of Supplemental Authorities concerning the Ninth Circuit Court of Appeals' decisions in *Blair v. Rent-A-Center, Inc.,* No. 17-17221, 2019 WL 2701333 (9th Cir. June 28, 2019), and *McCardle v. AT&T Mobility LLC*, No. 17-17246, 2019 WL 2718474 (9th Cir. June 28, 2019). [Doc. # 282.] Plaintiff claims that these decisions establish that a California state-law contract defense (*i.e.*, the *McGill* rule) renders "AT&T Mobility's arbitration clause . . . [']null and void in its entirety,'" and "DIRECTV['s] pre- and post-merger arbitration clauses . . . 'invalid and unenforceable'" because they "preclude the arbitrat[or] from awarding public injunctive relief." *See* Notice of Suppl. Authorities at 2–3 (citations omitted) (quoting *McCardle*, 2019 WL 2718474, at *1; *Blair*, 2019 WL 2701333, at *3, *9–10) [Doc. # 282].[1] To date, the Ninth Circuit has not issued the mandate in *Blair*, *McCardle*, or *Tillage*, and the appellants in *McCardle* have filed an unopposed motion to extend the deadline to file a petition for rehearing. Appellants' Consent Motion for Ext. of Time, *McCardle v. AT&T Mobility LLC*, No. 17-17221, ECF No. 53-1.[2]

Plaintiff's Notice of Supplemental Authorities proceeds on the assumption that the *McGill* rule is potentially applicable to at least some of the class members. For instance, much like the arbitration clause at issue in *Blair*, DIRECTV's post-merger arbitration provision states that "[t]he arbitrator may award declaratory or injunctive relief only in favor of the individual party seeking

---

[1] *Tillage v. Comcast Corp.*, No. 18-15288, 2019 WL 2713292 (9th Cir. June 28, 2019), also addresses the viability of the *McGill* rule. *See Blair*, 2019 WL 2701333, at *1 n.1 (observing that *Blair*, *McArdle*, and *Tillage* raise the same question).

[2] The Court *sua sponte* takes judicial notice of the dockets in these three cases, along with the Consent Motion filed in *McCardle*. *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that we may take judicial notice of judicial proceedings in other courts.").

relief and only to the extent necessary to provide relief warranted by that party's individual claim." *See* Martin Decl., Ex. M at § 9.2(6) (June 30, 2016 DIRECTV Customer Agreement) [Doc. # 256-15]; *see also Blair*, 2019 WL 2701333, at *2 ("You and [the defendants] agree that arbitration shall be conducted on an individual basis, and that neither you nor RAC may seek, nor may the Arbitrator award, relief that would affect . . . account holders other than you."). Further, it appears that California law would govern the contract defenses of at least some of the class members. *See* Martin Decl., Ex. M at § 10(b) (June 30, 2016 DIRECTV Customer Agreement) ("The interpretation and enforcement of this Agreement and any disputes related to your agreements or service with DIRECTV shall be governed by . . . the laws of the state and local area where Service is provided to you.") [Doc. # 256-15]; *see also Mortensen v. Bresnan Commc'ns, LLC*, 722 F.3d 1151, 1158 (9th Cir. 2013) ("As federal substantive law, the [Federal Arbitration Act ('FAA')] preempts contrary state law. The FAA's preemption power has an exception: It does not require the enforcement of arbitration agreements on 'such grounds as exist at law or in equity for the revocation of any contract.'" (citations omitted) (quoting 9 U.S.C. § 2)).

The Court has the discretion to stay this case if doing so would "simplify[] . . . questions of law . . . ." *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). Therefore, the Court **ORDERS** the parties to show cause why it should not stay this case pending the final resolution of the appeals in *Blair*, *McCardle*, and *Tillage* (including the U.S. Supreme Court's decision whether to review these cases). The parties shall file a joint statement in response to this Order **by July 19, 2019.**

**IT IS SO ORDERED.**