UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JENNY BROWN, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTV, LLC,<br><br>Defendant. | Case No. CV 13-1170-DMG (Ex)<br><br>**ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT [516]** |

    This matter is before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement in the above-captioned case (the "Action") between Plaintiff Jenny Brown, individually and on behalf of the certified and Settlement Class ("Plaintiff"), and Defendant DIRECTV, LLC ("Defendant") as set forth in the Parties' Settlement Agreement and Release (the "Agreement," which memorializes the "Settlement"). [Doc. # 516.] Having duly considered the Settlement, including the proposed forms of Class Notice and other exhibits thereto, the Motion, and the papers and arguments in connection therewith, and for the reasons stated on the record at the August 19, 2022 hearing on this matter, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 and has personal jurisdiction over the Parties and the Settlement Class Members.

2. Unless defined herein, all defined terms in this Order shall have the meanings ascribed to them in the Agreement.

3. The Motion is GRANTED.

4. The Court preliminarily approves the Settlement and the terms embodied therein pursuant to Fed. R. Civ. P. 23(e)(1).

5. The Court finds that Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the Settlement Class. The Court further finds that the Settlement is procedurally fair, the product of arms' length negotiations by the Parties through an experienced mediator, Robert Meyer of JAMS, and comes after more than ten years of litigation and discovery and a detailed investigation.

6. The Court preliminarily finds that the Settlement relief provided—a $17 million non-reversionary settlement fund—is fair, reasonable, and adequate taking into account, *inter alia*, the costs, risks, and delay of further litigation, trial and appeal, the alleged harm to Settlement Class Members, the proposed method of distributing payments to the Settlement Class *pro rata*, and the absence of any agreement required to be identified under Rule 23(e)(3), other than the individual settlement with Plaintiff Carmen Montijo.

7. The Court further preliminarily finds that the Settlement is substantively fair and treats the Settlement Class Members equitably relative to each other, accounting for the fact that certain Settlement Class Members' claims had been granted summary judgment [*see* Doc. # 401], and others had not. The Settlement provides for "two shares" to Settlement Class Members who were called by iQor, Inc. or Credit Management, LP, and "one share" to Settlement Class Members who were called by Enhanced Recovery Company, Inc. or AFNI, Inc.

There will be a *pro rata* distribution of the $17 million settlement proceeds after deduction of the Settlement Costs (*i.e.,* (i) settlement and administration costs; (ii) Class Counsel attorneys' fees and expenses awarded by the Court; (iii) any Court-approved service award paid to the Class Representative; and (iv) any taxes incurred by the Settlement Fund). The Court will assess Class Counsel's request for attorneys' fees and expenses after receiving a motion from Class Counsel supporting such request. At this stage, the Court finds that the plan to request fees and litigation expenses, as well as a class representative service award, to be paid from the Settlement Fund creates no reason not to grant the Motion and direct notice to the Settlement Class.

8. The Court hereby finds that it is likely to be able to certify, for settlement purposes only, a "Settlement Class," pursuant to Fed. R. Civ. P. 23(a), 23(b)(3), and 23(e) consisting of:

> All persons residing within the United States who, within four years prior to and after the filing of this action, received a non-emergency telephone call(s) from DIRECTV and/or iQor, Inc., Credit Management, LP, AFNI, Inc, or Enhanced Recovery Company, Inc. regarding a debt allegedly owed to DIRECTV, to a cellular telephone through the use of an artificial or prerecorded voice, and who has not been a DIRECTV customer at any time since October 1, 2004. The Settlement Class encompasses only persons associated with the telephone numbers and calls during the Settlement Class Period in Plaintiff's summary judgment motions. *See* [Doc. ## 375-1 (CMI), 375-2 (iQor), 415-6 (AFNI), 415-7 (ERC)]. Excluded from the Settlement Class are: (a) those persons who previously opted out in response to the notice of class certification, identified in [Doc. # 420-1], (b) any trial judge that may preside over this case, and (c) Defendant, as well as any parent, subsidiary, affiliate or control person of Defendant.

9. The Court preliminary finds that, for settlement purposes only, the

Settlement Class, as defined above, is likely to meet the requirements for class certification under Fed. R. Civ. P. 23(a) and 23(b)(3)—namely, that (a) the Settlement Class Members are sufficiently numerous such that joinder is impracticable; (b) there are common questions of law and fact; (c) Plaintiff's claims are typical of those of the Settlement Class Members; (d) Plaintiff and Class Counsel have adequately represented, and will continue to adequately represent, the interests of the Settlement Class Members; and (e) for purposes of settlement, the Settlement Class meets the predominance and superiority requirements of Fed. R. Civ. P. 23(b)(3).

10. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect, and the Parties preserve all rights and defenses regarding class certification in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

11. The Court hereby designates Plaintiff Jenny Brown as Class Representative for the Settlement Class.

12. The Court hereby designates the following attorneys as Class Counsel for the Settlement Class:

> Daniel M. Hutchinson
> Lieff Cabraser Heimann & Bernstein LLP
> 275 Battery Street, 29th Floor
> San Francisco, CA 94111-3339
> Tel. (415) 956-1000
>
> Matthew R. Wilson
> Meyer Wilson Co., LPA
> 305 W. Nationwide Blvd.
> Columbus, OH 43215
> Telephone: (614) 224-6000
>
> Alexander H. Burke
> Burke Law Offices, LLC
> 909 Davis Street, Suite 500
> Evanston, IL 60201
> Telephone: (312) 729-5288

13. The Court hereby appoints BrownGreer PLC ("BrownGreer") as the

Claims Administrator for the Settlement and directs BrownGreer to carry out all the duties and responsibilities of the Claims Administrator as specified in the Settlement and herein.

**Notice Plan**

14. Pursuant to Fed. R. Civ. P. 23(e)(1) and 23(c)(2)(B) and subject to the Court's edits, the Court approves the proposed Notice Plan and procedures set forth at Section 9 of the Agreement, including the form and content of the proposed forms of notice to the Settlement Class attached as Exhibit C to the Settlement and the proposed procedures for Settlement Class Members to exclude themselves from the Settlement Class or object. The Court finds that the proposed Notice Plan—which includes (i) direct postcard notice, (ii) setting up a toll-free telephone number; and (iii) establishing a Settlement Website at the web address of www.dtvprerecordclassaction.com, where Settlement Class Members can view the full Agreement, the detailed long-form notice, and other key case documents—meets the requirements of due process under the United States Constitution and of Rule 23, and constitutes the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The Court further finds that the proposed form and content of the notices are adequate and will give the Settlement Class Members sufficient information to enable them to make informed decisions as to the Settlement, including whether to object and whether to opt out. The Court finds that the notices clearly and concisely state in plain, easily understood language, *inter alia*: (a) the nature of the case; (b) the definition of the Settlement Class; (c) the class claims and issues; (d) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (e) that the Court will exclude from the Settlement Class any member who timely and validly requests exclusion; (f) the time and manner for requesting exclusion; and (g) the binding effect of a class judgment on Settlement Class Members under Rule 23(c)(3).

15. The Court hereby directs the Parties and the Claims Administrator to implement the Notice Plan as set forth in the Settlement.

16. In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, DIRECTV shall promptly provide written notice of the proposed Settlement to the appropriate authorities.

17. No later than **September 19, 2022** (the "Settlement Notice Date"), the Claims Administrator shall substantially complete Mail and Email Notice via first class mail and email to Settlement Class Members. In the event that any Notices are returned as non-deliverable, the Claim Administrator shall promptly re-mail and/or re-email any Notices that are returned as non-deliverable with a forwarding address to such forwarding address.

18. No later than the date it begins distributing direct notice, the Claims Administrator shall maintain and administer a dedicated Settlement Website and set up a toll-free telephone number for receiving toll-free calls related to the Settlement.

19. No later than **October 19, 2022**, Class Counsel shall file an Interim Report from the Claims Administrator detailing the results of the Notice and claims program. No later than **January 20, 2023**, the Claims Administrator shall serve on counsel for all Parties a declaration stating that the Notice required by the Agreement has been completed in accordance with the terms of the Preliminary Approval Order, and that the CAFA Notice was served. The Claims Administrator shall likewise provide DIRECTV and Class Counsel with a final list of persons who submitted timely and valid requests for exclusion from the Settlement Class.

**Claims Process**

20. Settlement Class Members shall be permitted to share in the Settlement Fund paid by DIRECTV only after completing and submitting a Claim Form to the Claims Administrator pursuant to the procedures outlined in Section 10 of the Agreement. As set forth in the Agreement, Settlement Class Members who

submit Claim Forms with missing or errant information will be provided additional time to correct the errors and re-submit the Claim Forms to the Claims Administrator, after being apprised of the need to do so by the Claims Administrator.

21. For a Claim Form to be considered valid, the Settlement Class Member shall include: (1) their name; (2) the telephone number that the Settlement Class Member used or subscribed to during the Settlement Class Period; and (3) affirmation that the Settlement Class Member was not a customer of Defendant at any time after October 1, 2004.

**Opt-Out and Objection Procedures**

22. Settlement Class Members who wish to either object to the Settlement or request to be excluded from it must do so by the Objection Deadline and Opt-Out Deadline of **November 18, 2022**, which are both sixty (60) calendar days after the Settlement Notice Date. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

23. To submit a Request for Exclusion (or opt-out), Settlement Class Members must follow the directions in the Notice and send a compliant request to the Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. In the Request for Exclusion, the Settlement Class Member must state his or her full name, address, and telephone number, and must state in writing that he or she wishes to be excluded from the Settlement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

24. If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and

the Agreement and any determinations and judgments concerning it will not bind the excluded person.

25. All Settlement Class Members who do not opt out in accordance with the terms set forth in the Agreement will be bound by all determinations and judgments concerning the Agreement.

26. To object to the Settlement, Settlement Class Members must follow the directions in the Notice and file a written Objection with the Settlement Administrator by the Objection Deadline. In the written Objection, the Settlement Class Member must state: (1) his or her full name, address, and telephone number where he or she may be contacted; (2) the telephone number(s) that he or she maintains were called; (3) all grounds for the objection; (4) the identity of any witnesses he or she may call to testify; (5) copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; (6) a statement of the identity (including name, address, law firm, phone number and email) of any lawyer who will be representing the individual with respect to any objection; (7) a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel; and (8) a statement as to whether the objection applies only to the objector, a specific subset of the Settlement Class, or the entire Settlement Class. Such objection will be filed with the Court by Class Counsel as part of Plaintiff's Motion for Final Approval. Any documents that the Settlement Class Member wishes the Court to consider must also be attached to the Objection. Any and all objections shall identify any lawyer that represents the Settlement Class Member as to the case or such objection. No Objection will be valid unless all of the information described above is included. The right to object to this Settlement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity. The Parties will have the right to depose any objector as to the basis and circumstances of his or her objection, and to assess the objector's standing.

27. Any Settlement Class Member who has timely filed an Objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of this Agreement or the Settlement. Any Settlement Class Member wishing to so appear must file a notice of intention to appear with the Clerk of Court, postmarked no later than November 18, 2022. The notice should include the case name and number, Settlement Class Member's full name, address, and telephone number, and be submitted to the below address:

    Clerk of Court

    United States District Court, Central District of California

    350 West 1st Street

    Suite 4311

    Los Angeles, CA 90012-4565

28. Any Settlement Class Member who fails to timely file a written objection with the Court and notice of his or her intent to appear at the Final Approval Hearing in accordance with the terms of this Order, above and as detailed in the Notice, shall not be permitted to object to the Agreement at the Final Approval Hearing, shall be foreclosed from seeking any review of the Agreement by appeal or other means, shall be deemed to have waived his, her, or its objections, and shall be forever barred from making any such objections in the Action. All members of the Settlement Class, except those members of the Settlement Class who submit timely Requests for Exclusion, will be bound by all determinations and judgments in the Action, whether favorable or unfavorable to the Settlement Class.

**Final Approval Hearing**

29. The Court will hold a Final Approval Hearing on **February 24, 2023** at **10:00 a.m.** (Pacific time), in Courtroom 8C at the United States District Court for the Central District of California, 350 W. 1st Street, Los Angeles, California. The Court may change the date, time, or location of the Final Approval Hearing

without further notice. At the Final Approval Hearing, the Court will, among other things: (a) determine whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate, and in the best interests of the Settlement Class; (b) determine whether judgment should be entered pursuant to the Settlement, dismissing this Action with prejudice and releasing all Released Claims; (c) determine whether the Settlement Class should be finally certified; (d) rule on Class Counsel's motion for attorneys' fees and expenses, and incentive award to the Class Representative; (e) consider any properly filed objections; and (f) consider any other matters necessary in connection with the final approval of the Settlement.

30. By no later than **October 19, 2022**, Plaintiff and Class Counsel shall file their motion for attorneys' fees, expenses, and a class representative service award, which shall include Class Counsel's lodestar amount. Promptly after they are filed, these document(s) shall be posted on the Settlement Website. By no later than **January 20, 2023**, the Parties shall file their motion for final Settlement Approval, and their responses to any objections that are submitted.

31. Only the Parties and Settlement Class Members who have submitted timely and valid objections, in accordance with the requirements of this Order, may be heard at the Final Approval Hearing.

32. If the Settlement, including any amendment made in accordance therewith, is not finally approved by the Court or shall not become effective for any reason whatsoever, the Settlement and any actions taken or to be taken in connection therewith (including this Order and any judgment entered herein), shall be terminated and shall become null and void and of no further force and effect except for (a) any obligations to pay for any expense incurred in connection with notice and administration as set forth in the Settlement, and (b) any other obligations or provisions that are expressly designated in the Settlement to survive the termination of the Settlement.

1    33.    Other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement, all proceedings in this Action are hereby stayed and suspended until further order of this Court.

34.    The Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing, by Defendant, or the truth of any of the claims, and evidence relating to the Agreement will not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Order, and the Final Judgment and Order of Dismissal.

35.    If the Settlement is terminated or final approval does not for any reason occur, the stay will be immediately terminated.  If the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings in connection with the Settlement will be without prejudice to the right of Defendant or the Settlement Class Representative to assert any right or position that could have been asserted if the Agreement had never been reached or proposed to the Court.  In such an event, the Parties will return to the *status quo ante* in the Action and the certification of the Settlement Class will be deemed vacated.  The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification or merits decision.

36.    Pending the final determination of whether the Settlement should be approved, any member of the Settlement Class is hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement.  If the Settlement is terminated or final approval does not for any reason occur, the injunction will be

immediately terminated.

Accordingly, the following are the deadlines by which certain events must occur:

| Event | Deadline |
|---|---|
| Settlement Notice Date | September 19, 2022 |
| Last day for Plaintiff and Class Counsel to file motion for attorneys' fees, expenses, and service awards | October 19, 2022 |
| Class Counsel to File Claims Administrator's Interim Status Report related to Notice | October 19, 2022 |
| Last day for Settlement Class Members to Opt-Out or to Object | November 18, 2022 |
| Last day for Settlement Class Members to file Claim Forms (excluding time set forth in the Settlement to correct errors or omissions in filed Claim Forms) | December 19, 2022 |
| Deadline for Plaintiff to file Motion and Memorandum in Support of Final Approval, including responses to any Objections | January 20, 2023 |
| Class Counsel to File Claims Administrator's Final Status Report related to Notice | January 20, 2023 |
| Final Approval Hearing | February 24, 2023 at 10:00 a.m. |

**IT IS SO ORDERED.**

DATED: August 24, 2022

_____
DOLLY M. GEE
UNITED STATES DISTRICT JUDGE